FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2008 JAN 18 PM 4: 26
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JETE CROSBY** | * | **NO.** _____ |
| | * | |
| | * | **SECTION** 08-693 |
| **VERSUS** | * | |
| | * | **JUDGE** _____ |
| | * | |
| **BLUE CROSS/BLUE SHIELD** | * | **MAG. DIV.** SECT. S MAG. 4 |
| **OF LOUISIANA** | * | |
| | * | **MAG. JUDGE** _____ |
| *        *        *        *        *        *        * | | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Louisiana Health

Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Blue Cross"),

which files this Notice of Removal of this action from the 22nd Judicial District Court, Parish of

St. Tammany, State of Louisiana, in which it is now pending, to the United States District Court,

Eastern District of Louisiana.  In support of this Notice, Blue Cross states:

1.

A Petition to Enforce Rights to Health Insurance Benefits, to Clarify Rights to Future

Benefits, for Damages, and for Other Relief ("Petition") commencing this civil action, entitled

"Jete Crosby v. Blue Cross/Blue Shield of Louisiana," was filed on December 6, 2007 in the

Fee $350.00
Process _____
x Dktd _____
\_\_\_CtRmDep\_\_\_\_\_
\_\_\_Doc. No.\_\_\_\_\_

{N1756274.1}

1

22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, bearing Case No. 2007-16600.  A copy of the Petition was improperly served on Blue Cross through the Secretary of State on December 21, 2007.

2.

Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, process and orders that have been served on Blue Cross are attached as Exhibit "A."

3.

This Notice of Removal is filed by Blue Cross within thirty days of service of the Petition, as required by 28 U.S.C. § 1446(b).

4.

Among other things, Plaintiff alleges claims against Blue Cross arising out of the failure to pay health benefits.  Petition, ¶¶ 2, 9, 11.  Such benefits arise under an employee health benefit plan established by John L. Crosby LLC (hereinafter "the Plan") provided to employees of John L. Crosby LLC, such as Plaintiff's husband, Tommy Crosby.  A copy of the Plan is attached as Exhibit "B."

5.

The Plan is an employee welfare benefit plan within the meaning of Section 3(1), 29 U.S.C. §1002(1), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*.   Under the Fifth Circuit's jurisprudence, a particular insurance arrangement qualifies as an employee welfare benefit plan under ERISA if: (1) it is a "plan" (*see Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993) ("A 'plan' exists if 'a reasonable person' could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."); (2) it does not fall within the safe-harbor provision established by the

Department of Labor (*see* 29 C.F.R. § 2510.3-1(j)); and (3) it was established or maintained by an employer with the intent to benefit employees.  *See Lain v. UNUM Life Ins. Co.*, 27 F. Supp. 2d 926, 930 (S.D. Tex. 1998), *aff'd,* 279 F.3d 337 (5th Cir. 2002).

6.

The Plan in this matter qualifies as an employee welfare benefit plan under ERISA.  Upon information and belief, at all pertinent times, John L. Crosby LLC was engaged in interstate commerce, or a business affecting interstate commerce, viz., real estate development in which multiple residential housing units were constructed incorporating materials manufactured outside the State of Louisiana, and sold to persons outside the State of Louisiana.

7.

Further, the Plan was established and maintained by John L. Crosby LLC for the benefit of its employees.[1]  Also, the Plan does not fall within the "safe harbor" provision established by the Department of Labor; among other reasons, the Plan insures non-family employees, and the premiums for the group coverage under the Plan were billed to and paid by the employer, John L. Crosby LLC.

8.

Plaintiff's claim as to Blue Cross arises under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), and is completely preempted by ERISA.  *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S. Ct. 1549 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S. Ct. 2488, 159 L.Ed.2d 312.

---

[1] The Plan was originally established by John L. Crosby, Inc., which was subsequently converted to John L. Crosby, LLC, on January 1, 2005.

{N1756274.1}

9.

Plaintiff's claim against Blue Cross is "exclusively a federal concern, and therefore removable by Blue Cross under the "complete preemption" doctrine. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 1552, 1557-58 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542, 1546-48 (1987); *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312.

10.

The district courts of the United States have original jurisdiction over claims brought under ERISA. *See* ERISA Section 502(e), 29 U.S.C. §1132(e); and 28 U.S.C. §1331.

11.

Because this action arises under the Court's federal question jurisdiction (*see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S. Ct. 1542 (1987)), this action is properly removable from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§1441(a) and (b) and (c) and 1446.

12.

This notice is executed pursuant to *Fed. R. Civ. P.* 11.

13.

This removal is timely.

14.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the 22nd Judicial District Court for the Parish of St. Tammany where

the Petition was originally filed.  Venue, therefore, is proper in this district under 28 U.S.C. §

1441(a).

15.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the Notice

of Removal will be served promptly on all parties and will be filed with the Clerk of Court for

the 22nd Judicial District Court for the Parish of St. Tammany.

16.

Blue Cross expressly reserves any and all rights with respect to this proceeding including,

but not limited to, all objections, defenses, and exceptions.

WHEREFORE, Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue

Cross and Blue Shield of Louisiana, prays that this Notice of Removal be deemed good and

sufficient.

Dated:  January 18, 2008.

Respectfully submitted,

RICHARD J. TYLER, T.A. (#1155)
WADE B. HAMMETT (#31186)
Jones, Walker, Waechter, Poitevent
  Carrère & Denègre, LLP
201 St. Charles Ave., 49th Floor
New Orleans, LA 70170-5100
Telephone: (504) 582-8266
Fax: (504) 589-8266

AND

CHARLES A. O'BRIEN (#10143)
5525 Reitz Avenue
Post Office Box 98029
Baton Rouge, LA 70898-9029
Telephone: (225) 295-2454
Facsimile: (225) 297-2760

**Attorneys for Defendant, Louisiana Health
Service & Indemnity Company d/b/a
Blue Cross and Blue Shield of Louisiana**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by hand delivery, facsimile, or by placing in the United States Mail, postage prepaid and properly addressed, this 18th day of January, 2008.

{N1756274.1}