UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JETE CROSBY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-0693** |
| **BLUE CROSS/BLUE SHIELD OF LOUISIANA** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion To Compel Deposition/Discovery (R. Doc. 18)**, filed by the Plaintiff, Jete Crosby ("Crosby"), seeking to compel the Defendant, Louisiana Health Service and Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana ("Blue Cross") to cooperate in discovery by providing "proper" responses to her written discovery and to provide "long-promised" deposition dates. Blue Cross filed Blue Cross's Opposition To the Motion To Compel (R. Doc. 24). The motion was heard on February 4, 2009.

Also, before the Court is a **Motion to Quash Depositions ( R. Doc. 25)** filed by Blue Cross seeking to quash 17 depositions which were noticed by the Plaintiff. The Plaintiff, Crosby opposes the Motion to Quash. (R. Doc. 32) The motion was heard on February 18, 2009.

## I.     Background

This case arises out of Blue Cross's denial of Crosby's claim for medical benefits under an Employee Retirement Income Security Act ("ERISA") Plan. (R. Doc. 1). Crosby filed suit in state court seeking damages, payment of benefits under the Plan, state law penalties, attorneys fees, and

costs. (R. Doc. 1). Crosby alleges that the failure to pay benefits constitutes a breach of the insurance contract, and she argues that Blue Cross's refusal to pay was arbitrary and capricious. (R. Doc. 1). Blue Cross removed the case to this Court on the grounds that the Plan is governed by ERISA and the claims are completely preempted by ERISA. (R. Doc. 1).

During the course of discovery, Crosby propounded Interrogatories and Requests for Production upon Blue Cross. (*See* R. Doc. 18-3, Ex. A, Objections & Answers To Interrogs.). In response, Blue Cross lodged an objection to Interrogatory No. 1 and, all discovery requests thereafter, on the grounds that the matter is governed by the Employee Retirement Income Security Act ("ERISA"). (*See* R. Doc. 18-3, Ex. A, pp. 1-2, Resp. To Interrog. No. 1). It further argued that any information beyond what is written in the "administrative record" is not relevant. (*See* R. Doc. 18-3, Ex. A, pp. 1-2, Resp. To Interrog. No. 1). It further objected, asserting that the request is overbroad and unduly burdensome. Blue Cross directed Crosby to information contained in the Administrative Record that has been previously produced and Bates labeled for identification.

Crosby acknowledges that Blue Cross provided responses to her written discovery requests on January 14, 2009. (R. Doc. 18-2, p. 1). However, she argues that the responses were "completely devoid of information." (R. Doc. 18-2, p. 1). According to Crosby, Blue Cross's objection to Interrogatory No. 1, amounts to a refusal to provide any information beyond what is written in the Administrative Record, including the identity of witnesses. (R. Doc. 18-2, p. 2). Crosby also emphasizes that, for each of its subsequent responses, Blue Cross simply wrote "See Response to Interrogatory No. 1." (R. Doc. 18-2, p. 2. *See also* R. Doc. 18-3, Ex. A, Objections & Answers To Interrogs.). Blue Cross lodged an identical objection to all of the Requests for Production of Documents. (R. Doc. 18-2, p. 1. *See also* R. Doc. 18-3, Ex. A, Objections & Answers

2

To Interrogs.). Thus, Crosby urges the Court to overrule Blue Cross's blanket objection and to compel a response to all written discovery. She also requests that the Court order Blue Cross to provide deposition dates.

Blue Cross argues that discovery outside of the Administrative Record is impermissible, emphasizing that the Court is constrained to the administrative record considered by the administrator in making the challenged decision in ERISA matters. (R. Doc. 24, p. 5). It further asserts that neither of the presently recognized exceptions to this rule apply in this case.

**II.     Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." The Rules specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Furthermore, under Rule 26(b)(2)(C), discovery may be limited if (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs

3

its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

## III. Analysis

### A. Written Discovery

Crosby argues that Blue Cross's reference to the Administrative Record for each and every discovery request is improper. She urges the Court to overrule Blue Cross's objections to the discovery requests. She further insists that he is entitled to inquire as to: (1) what Blue Cross considered in denying his claim; (2) what weight was given to various materials; (3) who made the decision to deny; (4) how appeals were handled; (5) whether decision makers were improperly influenced; and (6) other determinative information.

In opposition, Blue Cross argues that, because this is an ERISA action, Crosby's discovery requests improperly seek information outside of the Administrative Record. It asserts that any information beyond that which is contained in the Administrative Record is irrelevant under Fifth Circuit law. Citing *Vega v. National Life Insurance Services, Inc.*, Blue Cross argues that the Court is constrained to the Administrative Record, because this matter is governed by ERISA.[1] 188 F.3d 287, 289, 299-300 (5th Cir. 1999). Blue Cross also cites *Estate of Bratton v. National Union Fire Insurance Company* for the proposition that discovery is limited to review of the Administrative Record that existed at the time of review by the plan administrator. 215 F.3d 516, 521 (5th Cir.

---

[1]Blue Cross also notes that Crosby failed to include a Rule 37.1E Certificate with its motion. However, it acknowledges that counsel for both parties did, in fact, confer regarding Blue Cross's ongoing objection to conducting discovery outside of the administrative record.

4

2000). It explains that discovery outside of the Administrative Record is permitted only when narrow exceptions apply. According to Blue Cross, neither of the exceptions apply, and Crosby has failed to show why the discovery sought is permissible under Fifth Circuit law.

In an ERISA action, after the Administrative Record has been determined, a district court "may not stray from it but for certain limited exceptions." *Id.* (citing *Vega*, 188 F.3d at 299). Currently, the Fifth Circuit recognizes two such exceptions permitting discovery beyond the Record: (1) where evidence relates to how an administrator has interpreted terms of the plan in other instances; and (2) where evidence, including expert opinion, will assist the district court in understanding the medical terminology or practice related to a claim. *Id.* Thus, discovery outside of the Administrative Record is only permitted where it is intended "to lead to the discovery of evidence admissible within the restrictive boundaries identified in *Vega*, either because it interprets the plan or explains the medical terms and procedures relating to the claim." *Miles v. AIG Life Ins. Co.*, No. 04-1432, 2004 WL 2988472, at *1 (E.D. La. Dec. 8, 2004) (Wilkinson, J.) (acknowledging the persuasiveness of plaintiffs arguments concerning the discovery requests, but concluding that plaintiff's motion to compel exceeded the bounds of *Vega*).

Upon review of the pleadings, the Court finds that the Fifth Circuit law regarding ERISA actions is binding in this case. The law is clear regarding discovery in ERISA actions, and the Court determines that neither of the aforementioned exceptions apply here. The Plaintiff concedes that the scope of discovery propounded to the defendant includes an attempt to secure information regarding the weight given to various materials, the identity of the person who denied the request and the appeals process and improper influence during the decision making. However, discovery in this case is limited to how the administrator interpreted the plan in other instances and evidence

5

of expert opinion in understanding medical terms.

It is difficult to conceive how permitting the requested responses to these discovery requests would lead to the discovery of evidence admissible within the restrictive boundaries identified in *Vega*, either because it interprets the plan or explains medical terms and procedures relating to the claim. Therefore, having considered the record, the submissions by each party, the factual circumstances of this case, and the applicable law, the Court finds that the plaintiff's discovery exceed the boundaries of *Vega*.

**B.    Depositions**

Crosby also prays for an Order compelling Blue Cross to provide "long requested" deposition dates. Blue Cross, on the other hand, objects to Crosby's request to take 17 depositions, arguing that the depositions are excessive and unreasonable under the Federal Rules, and, in any event, impermissible in ERISA matters.

Blue Cross filed a Motion to Quash the 17 depositions noticed by Crosby. ( R. Doc.25) Blue Cross also points out that the notices of deposition were filed after Blue Cross filed its Motion for Summary Judgment and just one day before the January 21, 2009 discovery cutoff in this case.[2] It maintains that Crosby has failed to specifically attest to how the discovery will create a genuine issue of material fact as to the pending Motion for Summary Judgment.

A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). Fed.R.Civ.P. 30(a)(1). Under Rule 30(a)(2), a party must obtain leave of court to depose a witness under certain circumstances, including but not limited to when the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken.

---

[2]On January 23, 2009, Judge Lemmon granted the parties' Consent Motion To Extend Discovery Deadlines; the new discovery deadline is February 21, 2009.

. . ." Fed.R.Civ.P. 30(a)(2)(A)(I). Furthermore, a party who wishes to depose a person by oral questions must give reasonable written notice to every other party. Fed.R.Civ.P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address. *Id.*

The Court first notes that Crosby failed to attach the Notices of Deposition for the Court's review as required by Local Rule 7.4. Accordingly, Crosby's motion is rendered deficient. Nonetheless, Blue Cross provided the Notices in its Opposition, and upon review, the Court further determines that Crosby's 17depositions run afoul of the Federal Rules as well.

Crosby noticed 17 depositions for January 28, 29, and 30, 2009 and February 2, 5, 6, and 13, 2009. As Blue Cross correctly notes, Crosby failed to seek leave to take in excess of 10 deposition as required by Rule 30(a)(2). Furthermore, the Notices for Dr. C. Richard Atkins, D.D.S. ("Dr. Atkins"), Amy Bouquet ("Bouquet"), and Dr. R. Dwight Brower ("Dr. Brower) were served on January 20, 2009– only eight days prior to the date of the first deposition on January 28, 2009. Courts in this district have concluded that six (6) days is not reasonable notice. *See, e.g.*, *Great Amer. Ins. Co. v. McElwee Bros., Inc.*, No. Co.A. 03-2793, 2004 WL 574749, at *4 (E.D. La. Mar. 19, 2004) (Wilkinson, J.); *Tucker v. Tangipahoa Parish Sch. Bd.*, No. 06-3818, 2007 WL 1989913, at *2 (E.D. La. July 3, 2007) (Roby, J.). While Crosby provided eight (8) days notice, in light of the nature and number of the depositions sought in this case, the Court determines that the notice provided was not reasonable, at least as to Dr. Atkins, Bouquet, and Dr. Brower. Moreover, given the aforementioned procedural deficiencies, the Court denies Crosby's request to compel the 17 depositions.

7

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Jete Crosby's **Motion To Compel Deposition/Discovery (R. Doc. 18)** be hereby **DENIED**.

**IT IS FURTHER ORDERED** that Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana's **Motion to Quash Depositions (R. Doc. 25)** is **GRANTED**.

New Orleans, Louisiana, this 26th day of June, 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**