UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JETE CROSBY | CIVIL ACTION |
| VERSUS | NO: 08-693 |
| BLUE CROSS/BLUE SHIELD OF LOUISIANA | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Reconsider and Vacate filed by plaintiff, Jete Crosby (Doc. #64) is hereby **DENIED.**

## BACKGROUND

Plaintiff, Jete Crosby, is an insured under a health insurance plan issued by the defendant, Blue Cross/Blue Shield of Louisiana ("Blue Cross"), through her husband's employer, John L. Crosby, LLC. Plaintiff suffers from "idiopathic cervical root resorption," which causes loss of teeth and requires bone, gingival, and dental implants. The defendant denied plaintiff's claim for coverage for treatment of this disease. Plaintiff filed suit, claiming that defendant's denial was arbitrary and capricious. On July 2, 2009, the court granted defendant's motion for summary judgment and entered judgment, dismissing plaintiff's case. On July 10, 2009, plaintiff moved for reconsideration.

**1. Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit has held nonetheless that if such a motion is filed within ten days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Because plaintiffs filed the instant motion on March 7, 2008, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

**2. Motion for Reconsideration**

Plaintiff urges that reconsideration is appropriate because the court did not consider that the administrative appeal was flawed. Plaintiff argues that Blue Cross' determination was made in bad faith and in breach of the plan and ERISA, and that the administrative appeal process was a sham as evidenced by an October 29, 2007, email from Blue Cross' in-house counsel who is providing suggested language for the determination letter to plaintiff. Plaintiff argues that questions of fact

preclude a summary judgment on whether Blue Cross was arbitrary and capricious in denying plaintiff's claim.

Blue Cross argues that plaintiff is relitigating its position which is prohibited under rule 59(e), and that the email in plaintiff's exhibit is not new to plaintiff because plaintiff had possession of the email on November 2, 2007. Blue Cross argues that even if the exhibit is considered new for purposes of Rule 59(e), Blue Cross is still entitled to summary judgment because the email is dated October 29, 2007, one month after the determination decision had been rendered, and was not given to or reviewed by the medical director who had conducted previously the administrative appeal.

Plaintiff bases her motion for reconsideration upon an email which was in her possession at the time that defendant's motion for summary judgment was filed. Thus, the email is not "new" for purposes of Rule 59(e). The email post-dates defendant's initial denial of benefits and defendant's denial of plaintiff's administrative appeal. The email does not raise issues of material fact as to whether the defendant abused its discretion in interpreting its plan when it denied benefits to plaintiff. Therefore, plaintiffs' motion is denied.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion to Reconsider and Vacate filed by plaintiff, Jete Crosby (Doc. #64) is hereby **DENIED.**

New Orleans, Louisiana, this  29th  day of December, 2009.

　　　　　　　　　　　_____
　　　　　　　　　　　**MARY ANN VIAL LEMMON
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**