UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JETE CROSBY | CIVIL ACTION |
| VERSUS | NO: 08-0693 |
| BLUE CROSS BLUE SHIELD OF LOUISIANA | SECTION: "S" (4) |

## ORDER

Before the Court is **Plaintiff's Motion for Leave to File First Supplemental and Amending Petition to Enforce Rights to Health Insurance Benefits, to Clarify Rights to Future Benefits, for Damages, and for Other Relief (R. Doc. 95)**, seeking an order from this Court granting Plaintiff Jete Crosby ("Plaintiff") leave to amend her petition. Defendant Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("Defendant") opposes the motion. (R. Doc. 97.) The motion was heard on the briefs on October 5, 2011.

I.  **Factual Background and Procedural History**

    A.  **Factual Background**

Plaintiff was insured in 2006 under the Blue$aver Group High-Deductible Health Benefit Plan (the "Plan") issued by Defendant. (R. Doc. 1-3, p. 1.) The plan was an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). In late 2006, Plaintiff's periodontist diagnosed her with severe idiopathic root resorption, which placed her at risk for losing her teeth. (R. Doc. 86, p. 3.) Her periodontist performed several procedures to prevent the loss of her ability to chew, speak, and swallow. (R. Doc. 86, p. 3.) Plaintiff sought benefits under

the Plan to cover the cost of the procedures. (R. Doc. 1-1, ¶ 4.)

Defendant denied coverage, and Plaintiff internally appealed the adverse benefit determination in accordance with the Plan. (R. Doc. 86, p. 3.) Plaintiff's first appeal was assigned to Dr. Dwight Brower for review. (R. Doc. 86, p. 3.) Dr. Brower considered the appeal and upheld the adverse benefit determination, finding that the Plan's "Dental Care and Treatment" provision excluded from coverage the services performed by Plaintiff's periodontist. (R. Doc. 86, p. 3.) Defendant informed Plaintiff of Dr. Brower's decision, and Plaintiff requested a second internal appeal. (R. Doc. 86, p. 3.) Plaintiff second appeal was presented to an appeals committee which included Dr. Brower. (R. Doc. 86, p. 3.) The appeals committee upheld the adverse benefit determination. (R. Doc. 86, p. 3.)

Plaintiff then filed suit against Defendant. Plaintiff alleges the Plan's "Dental Care and Treatment" provision did not apply to the treatment she received, and that Defendant's refusal to pay was arbitrary and capricious. (R. Doc. 1-1, ¶ 6.) Plaintiff further alleges that Defendant relied on standards, criteria and definitions outside of the Plan, misrepresented provisions of the Plan, and misled Plaintiff regarding the reasons for its adverse benefits determinations. (R. Doc. 1-1, ¶¶ 15, 17.) Plaintiff seeks compensation for payment of benefits, penalties, attorney's fees, expert fees, costs, expenses, and damages, including damages for the progression of her disease and increased medical expenses. (R. Doc. 1-1, ¶¶ 13, 18.)

**B.     Procedural History**

On January 13, 2009, Defendant filed a motion for summary judgment. (R. Doc. 14.) On July 2, 2009, District Judge Mary Ann Vial Lemmon granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims. (R. Doc. 62.) After Plaintiff's Motion for Reconsideration was denied by Judge Lemmon (R. Doc. 64), Plaintiff filed a notice of appeal. (R.

Doc. 79.) On July 19, 2011, a panel of the Fifth Circuit Court of Appeals vacated Judge Lemmon's order and remanded the case for further discovery. (R. Doc. 86.) Defendant appealed the Circuit's ruling, which was denied on July 19, 2011. (R. Doc. 86.) The case was remanded back to this Court on the same day. (R. Doc. 87.)

      **C.**      **Plaintiff's Motion for Leave to File a Supplemental and Amended Petition**

As to the instant motion, Plaintiff seeks leave from this Court to file a supplemental and amended petition. Plaintiff's proposed supplemental and amended petition includes allegations that Defendant violated ERISA when it (1) failed to make benefit determinations; and/or (2) failed to notify Plaintiff of its adverse benefit determinations for "the majority of the claims submitted by plaintiff's doctors." Pl.'s Proposed Am. Pet. ¶¶ 14-D, 17.g.

In support of her motion, Plaintiff argues that after she obtained a copy of the administrative record from Defendant, she realized that it only contains claims totaling $79,636.00. Plaintiff argues, however, that she and her doctors submitted claims totaling $214,327.00. Thus, Plaintiff argues Defendant did not make benefit determinations, and/or failed to notify Plaintiff of its adverse benefit determinations regarding $134,691.00 worth of claims. Defendant opposes the motion and argues that the proposed supplemental and amended petition is untimely and vague. The defendant also alleges that Plaintiff failed to exhaust her administrative remedies.

**II.**      **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of

pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). "This policy is certainly strongest when the motion challenged is the first motion to amend." *Thompson v. New York Life Insur. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

However, leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* As outlined by the Supreme Court, courts in this Circuit examine five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith, or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave to amend a complaint should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) *(*citing *Forman*, 371 U.S. at 182).

**III.   Analysis**

The Court first notes that Plaintiff's motion for leave to file a supplemental and amended petition was filed on September 19, 2011. Under the Court's most recent scheduling order, the deadline to file amendments to pleadings was September 19, 2011. (R. Doc. 91, p. 1.) Because Plaintiff met the deadline, the Court's analysis is limited to Rule 15(a).

### A. Undue Delay

In support of her motion, Plaintiff argues that after she obtained a copy of the administrative record from Defendant, she realized that Defendant did not make benefit determinations, and/or failed to notify Plaintiff of its adverse benefit determinations regarding $134,691.00 worth of claims. Plaintiff further argues that she was unaware of this information "until after [she] filed suit and discovery commenced." (R. Doc. 95, p.2.) Plaintiff argues that because the instant motion was filed before the expiration of the deadline to amend pleadings, and the trial is not scheduled to begin until January 26, 2012, her proposed supplemental and amended petition will not unduly delay the litigation.

In opposition, Defendant argues that Plaintiff has not offered a satisfactory explanation for the delay in filing the instant motion. Defendant argues that the administrative record was produced to Plaintiff in July 2008. However, Plaintiff waited almost four years from the date the lawsuit was filed, and approximately three years after she obtained the administrative record to file the instant motion. Defendant further argues that the delay is undue, in that the proposed amendment will prejudice it by tripling the amount of potential damages and requiring additional discovery.

In response, Plaintiff attempts to explain the delay by arguing that when the lawsuit was filed, she was in the middle of her treatment, which continued until December 2008. Plaintiff further argues that the proposed amended petition is only now appropriate due to the procedural history of this case, and the fact that this case was in front of the Fifth Circuit for approximately one and one-half years. Thus, there has been no undue delay.

Delay alone does not justify denial of a motion to amend. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Rather, denial of a motion under Rule 15(a) is appropriate where the delay is "undue" in that it prejudices the nonmoving party or places an unfair burden on the court. *Mayeaux v.*

*Louisiana Health Serv. & Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981); *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984, *cert denied*, 469 U.S. 1122 (1985). Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)) (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). In such a situation, the plaintiff bears the burden of showing that delay to be "'due to oversight, inadvertence, or excusable neglect.'" *Id.* (citing *Whitaker*, 963 F.2d at 836) (quoting *Gregory*, 634 F.2d at 203).

Defendant cites *Mayeux v. Louisiana Health Serv. and Indemnity Co.*, 376 F.3d 420 (5th Cir. 2004) for the proposition that where the proposed claims expand the issues leave to amend must be denied. That case, however, is distinguishable. In *Mayeux*, the plaintiffs attempted to dismiss one plaintiff, add a defendant, state entirely different state law claims, and abandon their ERISA claim. *Id.* at 424. Thus the Fifth Circuit concluded that the plaintiffs were attempting to "reconstruct[ ] the case anew" and plead a "fundamentally different case with new causes of action and different parties." *Id.* at 427.

Here, Plaintiff is merely proposing an alternative legal theory for recovery based on the same underlying facts. *Id.* (noting that amendments that fall into this category "generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities."). Thus, *Mayeux* is inapplicable.

Further, Plaintiff did not complete her treatment until December 2008, or approximately five months after she received the administrative record and approximately one month before Defendant's motion for summary judgment was filed. Thus, it is likely many of the benefit claims at issue in Plaintiffs' proposed supplemental and amended petition were not submitted to Defendant until *after*

Plaintiff obtained the administrative record in July 2008 and the subsequently filed motion for summary judgment.

Both parties acknowledge that this case was pending before the Fifth Circuit for approximately one and one-half years. The record indicates that the appeal was lodged on January 15, 2010 during the pendency of which this court was without jurisdiction and the plaintiff was precluded from seeking an amendment until after the appellate court issued its order remanding the matter for further proceeding.

The Court notes that the matter was not remanded by the Circuit Court until July 19, 2011 and the subject motion was not filed until September 19, 2011, on the amended pleading deadline. Given the procedural history of this case and fact that Plaintiff satisfied the deadline set forth in the Court's Scheduling Order, it cannot be said that Plaintiff's motion was a product of bad faith, dilatory motive or undue delay. See *Mendoza v. City of New Orleans*, No. 06-3040 c/w 07-545, 2007 U.S. Dist. LEXIS 31266, at *7 (E.D. La. Apr. 26, 2007).

### B.     Undue Prejudice

In support of her motion, Plaintiff argues that her motion is merely an attempt to ensure that all claims associated with her medical condition and treatment are considered and resolved in the same litigation. Plaintiff further argues that her proposed supplemental and amended petition seeks to add claims involving the same parties, medical condition, treatment, causes of action, and laws and regulations at issue in the current lawsuit. According to Plaintiff, her original petition contemplated the very allegations she seeks leave to add, and put Defendant on notice. Thus, the proposed supplemental and amended petition does not fundamentally alter the case, nor would it prejudice Defendant.

In opposition, Defendant argues that Plaintiff's proposed supplemental and amended petition fundamentally alters the case and expands the issues from whether Defendant complied with ERISA in rendering its appeals decisions in 2007 to whether other benefits claims were submitted by Plaintiff and whether Defendant made determinations as to these claims in accordance with ERISA. Defendant further argues that Plaintiff's proposed supplemental and amended petition will require additional discovery of Plaintiff and her "doctors" who allegedly submitted claims on her behalf. Defendant contends that granting Plaintiff leave to amend her petition at this stage of the litigation would prejudice it.

The touchstone of the inquiry under Rule 15(a) is whether the proposed amendment would unfairly prejudice the defendant by denying it notice of the nature of the complaint. *Lowrey v. Texas A & M University*, 117 F.3d 242, 246 (5th Cir. 1997). A defendant is prejudiced if an added claim would require the defendant "to reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Here, Plaintiff's proposed supplemental and amended petition adds two new allegations that Defendant: (1) neglected or refused to make claims determinations; and (2) neglected or refused to notify Plaintiff of its adverse claims determinations. However, both allegations arise from the same facts as the original petition. To the degree that any prejudice would result from the decision to grant the plaintiff the opportunity to purse these additional claims, that prejudice may be cured by a brief continuance in order to allow the defendant to investigate and conduct discovery of these new issues. Additional discovery on these facts can be undertaken in a relatively short period of time. *See Guthrie v. J.C. Penny Co.*, 803 F.2d 202, 210 (5th Cir. 1986) (no undue prejudice from permitting amendment of answer eleven days before trial with affirmative defense arose out of the same

operative facts); *but c.f. Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (amendment not permitted that would have "radically altered" nature of trial on merits by establishing entirely new factual basis for claims), *rev'd on other grounds*, 37 F.3d 1069 (5th Cir. 1994).

Further, the Court is not persuaded that the possibility of additional damages constitutes undue prejudice. Under Rule 15(a), motions to amend may be filed to increase the amount of damages sought. *Mawa Inc. V. Utility Mfg. Co., Inc.*, No. 11-2280, 2011 U.S. Dist. LEXIS 138592, at *5-6 (E.D. Pa. December 2, 2011) (granting plaintiff's motion for leave to amend complaint where amendment sought to increase the amount of damages sought). Considering that any prejudice may be cured as indicated above, the Court finds that the pursuit of additional damages alone does not result in prejudice.

    **C.**    **Futility**

In support of her motion, Plaintiff argues that she was not required to exhaust her administrative remedies on the proposed allegations, as ERISA's regulations do not require her to do so where claims determinations were not made in the statutorily mandated time.

In opposition, Defendant argues that Plaintiff's proposed supplemental and amended petition is futile because Plaintiff failed to exhaust her administrative remedies.

The Court may deny a motion to amend if it concludes that the proposed amendment would be futile. *J.R. Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). An amendment is futile when it fails to state a claim upon which relief could be granted. *Id.* at 873. To determine futility, the district court should apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* As the Fifth Circuit has explained, a court may not deny the motion for leave to amend "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations and citations omitted). In

applying this standard, a court must read the facts alleged in the complaint in the light most favorable to the plaintiff and must accept the allegations as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Moreover, the Court limits its inquiry to whether plaintiff is entitled to offer evidence to support claims and does not address whether plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198, 199 (5th Cir. 1994).

It is undisputed in this case that ERISA governs the employee benefits plan at issue. Under regulations promulgated by the Secretary of Labor pursuant to section 503 of ERISA, a plan administrator or fiduciary responsible for deciding benefits claims must notify the claimant of the plan's adverse benefit determination within 90 days after the claim is received by the plan. See 29 C.F.R. § 2560.503-1(f) (2011). Under certain circumstances, this 90-day period may be extended up to an additional 90 days. *Id.* However, if at any stage of a plan's administrative process the plan fails to abide by these time limitations, the claimant may abandon the administrative process and bring an action in court. *Goldman v. Hartford Life and Accident Ins. Co.*, 417 F.Supp.2d 788, 796 (E.D. La. 2006) *(citing* 29 C.F.R. § 2560.503-1(1) (2011)). "This provision therefore enables a claimant to bring a civil action to have the merits of his application determined, just as he may bring an action to challenge an outright denial of benefits." *Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985).

Here, Plaintiff's proposed supplemental and amended petition alleges Defendant violated ERISA when it "neglected or failed to make a determination regarding, and/or neglected or failed to notify plaintiff regarding its determination as to, the majority of the claims submitted by plaintiff's doctors for the medical treatments plaintiff underwent." If accepted as true, Plaintiff was not required to exhaust her administrative remedies before pursuing her proposed claims. *Johnson.*, 38 F.3d at

199. Thus, the Court concludes that Plaintiff's proposed supplemental and amended petition is not futile.

### D. Vague

In opposition, Defendant also argues that the Court should deny Plaintiff leave to amend because the proposed supplemental and amended petition is vague. However, vagueness is not one of the considerations under the Court's Rule 15(a) analysis. Absent one of the five factors listed above, leave to amend a complaint should be freely given. *Smith*, 393 F.3d at 595. Thus, the Court declines to further address this argument.

Because the Court concludes that there has been no undue delay, there would be no undue prejudice to Defendant, and the proposed supplemental and amended petition is not futile, leave to amend shall be granted.

### IV. Conclusion

**IT IS ORDERED** that **Plaintiff's Motion for Leave to File First Supplemental and Amending Petition to Enforce Rights to Health Insurance Benefits, to Clarify Rights to Future Benefits, for Damages, and for Other Relief (R. Doc. 95)** is hereby **GRANTED**.

New Orleans, Louisiana, this 28th day of December 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**