UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JETE CROSBY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-0693** |
| **BLUE CROSS BLUE SHIELD OF LOUISIANA, ET AL.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorneys' Fees Pursuant to the June 27, 2012 Court Order (R. Doc. 186)**, filed by Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana, ("Blue Cross") seeking an Order awarding $2,031.44 in attorney's fees and reasonable expenses. Plaintiff, Jete Crosby, ("Crosby") opposes the motion. (R. Doc. 188).

**I.     Factual Background**

Crosby filed this suit seeking health insurance benefits from her policy with Blue Cross. (R. Doc. 1-1, p. 2). Crosby alleges that she suffers from a rare condition which leads to severe idiopathic root and bone resorption, by which Crosby would lose all of her teeth, a portion of her jaw, and a portion of her face. *Id.* She alleges that she incurred treatment for the condition, and submitted a proper proof of claim to Blue Cross, but the claim was denied by Blue Cross because of asserted exclusions in the policy. *Id.* at 2-3. According to Crosby, this resulted in her paying out of pocket for the costs of her treatment, which has resulted in extreme financial hardship and mental anguish. *Id.* at 4.

On June 27, 2012, the Court granted Blue Cross' Motion to Compel (R. Docs. 150, 184) and award it reasonable expenses as a result of Plaintiff's failure to respond to written discovery originally propounded on March 12, 2012.  The instant motion followed.

## II.  Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*.  The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

## III.  Analysis

### A.  Calculating a Reasonable Hourly Rate

The fee application submitted by Blue Cross seeks to 7.30 hours for Sara C. Valentine, Esq., ("Valentine") 0.30 hours for Michael C. Drew, Esq., ("Drew") and 0.70 hours for Richard J. Tyler, Esq. ("Tyler).  (R. Doc. 186-1, p. 3).  Valentine's hourly rate is $225, Drew's rate is $279 and

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Tyler's rate is $378. *Id.* at 4. Blue Cross contends that the rates are in line with the prevailing market rate in the New Orleans community for similar services of attorneys of reasonably comparable skills, experience and reputation. *Id.* Attached in support of the rates claimed as reasonable are the declarations of Tyler, Drew, and Valentine which set for their education background and experience.

Tyler is a partner with Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P. ("Jones Walker") and has been so since 1986. (R. Doc. 186, Ex. A). He is licensed in the District of Columbia, Louisiana and Texas. *Id.* He is licensed in nine different federal courts and also is an arbitrator with the National Panel of Neutrals of American Arbitration Association. *Id.* He has been practicing for 30 years in the health and accident insurance policy area, as well as the area of health benefit claims arising under the Employee Retirement Income Security Act of 1974 ( ERISA). *Id.* His hourly rate for legal work perform in Louisiana is $420.00, which was discounted in this matter to $378.00. *Id.*

Drew declares that he is a partner with Jones Walker, is counsel for Blue Cross, and has been litigating cases for 10 years. (R. Doc. 186, Ex. B). He became an associate with the firm in 2006 and became a partner in 2010. *Id.* Prior to joining Jones Walker he worked as an associate at Stepoe & Johnson LLP from 2002-2006 in Washington DC. *Id.* He is licensed to practice in Virginia, the District of Columbia, and Louisiana. *Id.* He is admitted to practice in all Federal Courts in Louisiana, the Court of Federal Claims, and the Fourth Circuit Court of Appeals, and focuses on cases involving health and accident insurance policies under ERISA. *Id.* He attests that in addition to his experience as a commercial litigator and he has represented Freeport-McMoRan Copper & Gold Inc. His hourly rate is $279.00. *Id.*

Valentine is an Associate with Jones Walker, where she began working in 2007. (R. Doc. 186, Ex. C). She is licensed to practice in Louisiana and Missouri. *Id.* She is a graduate of Loyola University and is admitted to practice law in all of the federal courts in the State of Louisiana. *Id.* She has been practicing for 6 years and currently focuses her practice on health and accident insurance policy claims, including those arising under ERISA. *Id.* Her hourly rate is $225.00. *Id.*

Crosby opposes the rates sought by counsel as reasonable. She contends that Blue Cross failed to provide the Court with sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation. (R. Doc. 188, p. 3). She further contends that the legal authority relied upon does not provide support for the reasonableness of the rates as charged in similar cases. To the contrary, according to Crosby, the cases relied upon by Blue Cross are dissimilar. Having consider and reviewed the rates sought by counsel for the mover, the Court finds that the rates are reasonable.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11.

The next issue is whether the hours sought by the billing attorneys are reasonable. Blue Cross seeks to recover for 8.3 billable hours associated the pursuit of the discovery in question.

4

However the entry on April 11, 2012 billed by Tyler which reads "E-Mail from Gary Gambel" is vague and therefore his entry for 0.10 of time is disallowed. Further the entry on April 23, 2012 which states " review plaintiff's discovery responses " overlaps and or is duplicative of the entry dated April 24, 2012 that provides that Valentine reviewed discovery responses from plaintiff's counsel. As a result , Tyler's entry for 0.30 of time is disallowed. All other entries are reasonable.[2]

As a result, the total reasonable hours for Tyler are 0.30; for Valentine, 7.30; and for Drew, 0.70. The total reasonable fee for Tyler is $113.40; for Valentine, $1,642.50; and for Drew, $195.30. The Court that the entries for discrete non overlapping work.

Blue Cross further seeks to recover for Westlaw research at a cost of $40.64. A review of the time sheets show that the Westlaw research overlaps with the billing entries regarding the drafting of the underlying motion to compel, as well as the motion to continue the hearing on the motion to compel. The Court finds that the cost associated with the online research regarding these motions is reasonable.

---

[2] Admittedly, there are redactions in the body of two billing entries for which time is sought. Typically, because attorney billing is not privileged, a party is required under Rule 26(b)(5)(A) to describe the redactions, which Blue Cross has not done. *See id.*; *Clarkson Grain Co., Inc. v. M/V AFRICAN STAR*, No. 07-4068, 2008 WL 3975602, at *3 (E.D. La. Aug. 21, 2008) (finding that redacted documents which did not specify the privilege claimed violated Rule 26(b)(5)(A); *Hornbeck Offshore Services, L.L.C. v. Salazar*, No. 10-1663, 2011 WL 2214765, at *19-*20 (E.D. La. June 1, 2011). The first redaction occurs in Valentine's April 24, 2012 entry, discussed above, in which she billed 1 hour for "review documents produced by Plaintiff [redacted]." The Court finds that this redaction is not "significant enough to make [the] entr[y] incomprehensible." *Hornbeck*, 2011 WL 2214765, at *20. The second redaction occurs in connection with a March 27, 2012 entry, for which Valentine billed 0.50 hours for "Draft and send email to Plaintiff's counsel regarding [redacted] late discovery responses." However, for this entry, an award of 0.50 hours would be reasonable for the un-redacted activities described. Thus, even though Blue Cross provides no explanation for the partial redactions, and Crosby challenges their validity on other grounds, the Court finds that their presence does not impair the Court's inquiry.

## IV.     **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana's, ("Blue Cross") **Motion to Fix Attorneys' Fees Pursuant to the June 27, 2012 Court Order (R. Doc. 186)** is **GRANTED**.  The Court finds that a total amount of $1,991.84 in fees and costs is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Plaintiff, Jete Crosby, ("Crosby") shall satisfy her obligation to Blue Cross no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 9th day of January 2013.

  KAREN WELLS ROBY
  **UNITED STATES MAGISTRATE JUDGE**