UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JETE CROSBY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-693** |
| **BLUE CROSS/BLUE SHIELD OF LOUISIANA** | **SECTION: "S" (4)** |

## ORDER

Before the Court is **Plaintiff's Re-Filed Motion to Reconsider Magistrate Judge Roby's November 7, 2012, Order (R. Doc. 291)**, requesting that this Court reconsider its Order on Plaintiff's Motion to Strike and for Protective Order (R. Doc. 209). The motion is opposed. R. Doc. 292. The motion was submitted on September 13, 2017, and was heard on the briefs

### A.  Background

#### 1.  The Lawsuit

Jete Crosby ("Crosby") filed this suit seeking health insurance benefits from Blue Cross/Blue Shield of Louisiana ("BCBS"). As a result of a rare condition, which leads to severe idiopathic root and bone resorption, by which Crosby would lose all of her teeth, a portion of her jaw, and her face. *Id.*  Crosby alleges that she incurred treatment for the condition and submitted a proper proof of claim to BCBS, but the claim was denied by BCBS due to an exclusion in the policy. *Id.* at pp. 2-3. According to Crosby, this resulted in her paying out of pocket for the costs of her treatment, which has resulted in extreme financial hardship and mental anguish. *Id.* at p. 4.

#### 2.  The Page and/or Letter

On November 13, 2006, Gambel an attorney for Crosby, sent her the November 13, 2006 Letter which contained an interpretation of certain provisions of Crosby's BCBS benefits plan. This document contained phrases such as "we can argue," "our job is to find a means by which to argue," and "[i]t is my suggestion that we attack." The document also discusses strategy regarding

1

procedure on the claim and Crosby's course of treatment. BCBS subsequently obtained a single page of the November 13, 2006 letter after subpoenaing medical records from her treating periodontists, who had the one page in the business component of her medical file. BCBS also provided the documents which were returned pursuant to the subpoena to Crosby's lawyers which they had in their possession for seven months before objecting. Rec. Doc. 219, p. 5.

The document was also later used during Crosby's dentists' deposition when BCBS's lawyer questioned the doctors about the document during the deposition to which Crosby's lawyer voiced no objection. Rec. Doc. 213, p. 3. Additionally, that same page ended up as an Exhibit to BCBS's Motion for Summary Judgment which was not referenced in the District Judge's Ruling on the Motion for Summary Judgment. *Id.*; Rec. Doc. 62.

### 3. The Fight Over the Page/Letter

On October 4, 2012, Crosby filed a Motion to Strike and/or for Protective Order (R. Doc. 209), seeking an Order striking the excerpted letter from BCBS's Motion for Summary Judgment and BCBS's Opposition to Crosby's Motion for Summary Judgment, as well as a protective order prohibiting further use of the letter. The Court denied the motion as to Crosby's request for protective order to protect the confidentiality of the November 13, 2006, letter, finding that Crosby waived the work product doctrine by acquiescing to the use of the excerpt at the deposition of Drs. Garber and Salama. R. Doc. 219, p. 15.

BCBS orally moved for Crosby to comply with its production requests, which sought production of the entire 8-page November 13, 2006, letter. Finding that Crosby's partial disclosure waived the privilege as a whole, the Court granted BCBS's oral motion as to the production of the entire November 13, 2006, letter. *Id.* at p. 20.

### 4. The Motion to Reconsider

Crosby has filed a motion for reconsideration of the Court's order of November 7, 2012, arguing that the Court was confused about the facts, which resulted in a misapplication of the applicable law. R. Doc. 291. Crosby contends that because the letter contained impressions and conclusions by her lawyer, Mr. Gambel, that it should be nearly absolutely protected unless the opposing party can show a compelling need for the document. *Id.* Crosby contends that because BCBS did not offer any basis, let alone a compelling need, for the information or mental impressions of her lawyer that the finding of waiver is in error and should be reversed.

Crosby also contends that while the voluntary disclosure of the letter to a third person may result in a waiver of attorney-client privilege, it does not result in a waiver of the work product doctrine. Crosby contends that the disclosure could only result in a waiver of the work product doctrine if the disclosure is inconsistent with maintaining secrecy from opposing parties.

Blue Cross contends that: (1) the Court has already considered and addressed the issue of whether Crosby's disclosure was intentional; (2) the Court already considered and addressed the issue of Crosby's attorney's waiver of the work product doctrine; (3) the letter is relevant and discoverable because if Mr. Gambel offered guidance to the treating doctors on crafting a treatment plan designed to achieve coverage, rather than to treat her condition, the medical necessity of her treatment would be questioned. R. Doc. 292.

The central issue before the Court is whether the court erred in concluding that the work product doctrine has been waived. Crosby does not otherwise contest the Court's finding of waiver of the attorney-client privilege Rec. Doc. 291.

B. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 54(b) provides that an order adjudicating fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment adjudicating all the claims and all the parties' rights and liabilities. Under Rule 54, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A 1981). Although the district court's discretion, in this regard, is broad, it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *Castrillo v. Am. Home Mortg. Servicing, Inc.*, Civil Action No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010).

It has been the general practice of this Court to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a judgment. *See S. Snow Mfg. Co. v. SnowWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (citing *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009)). The proper inquiry is whether the moving party has "clearly established either a manifest error of law or fact or . . . present[ed] newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2010). The Court must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

In deciding motions under Rule 59(e), this Court has considered the following factors: (1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) whether the movant presents new evidence; (3) whether the motion is necessary in order to prevent manifest injustice; and (4) whether the motion is justified by an intervening change in the controlling law. *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4. Where there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should be denied. *See FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

### C. <u>Analysis</u>

Crosby contends the Court erred when it concluded that her lawyers waived the work product protection. Crosby contends that it was she who handed the document excerpt to the witness, that her lawyer did not know what the document was, and none of the other pages of the memorandum were transmitted to Plaintiff's doctor or anyone else. Rec. Doc. 291-1, p. 3. Crosby contends that the attending lawyer was not involved in the case at the time the letter was created, the letter was not marked so as to disclose its identity, and the lawyers agreed to reserve all of their objections until trial. *Id.* at p. 4. Consequently, Crosby contends that her lawyer could not have waived the work product doctrine under these circumstances. Lastly, Crosby contends that the document was not intended to further testimonial use but then suggests it was presented to aid in the doctor's ability to testify during the deposition after analyzing certain policy provisions. *Id.*

In response, BCBS argues that Crosby's motion simply and improperly reasserts the same arguments raised in her original motion, which were considered and rejected by the Court. R. Doc. 292. Blue Cross further contends that the November 13, 2006, letter is discoverable because it will lead to the discovery of admissible evidence regarding the actions of Crosby and her attorney relating to the claim submitted.

In considering the issue, the Court notes that Crosby relies upon the proposition that her lawyer did not waive the work product doctrine by allowing her to show the document to the periodontist and the lawyer not objecting to her doing so. For example, in *Fox v. Taylor Diving & Salvage Co.* the Fifth Circuit found that the claim of work product immunity was extinguished when the attorney requested the witness to disclose the information voluntary and made no objection when it was offered. *Fox v. Taylor Diving & Salvage Co., et al*, 694 F.2d 1349 (5th Cir. 1983).

Crosby contends that the Court ordered release of the letter was in error because it contained opinion work product which according to some courts is entitled to an almost absolute protection for such materials. R. Doc. 291, p. 1. In *S.E.C. v. Brady*, the Court noted that waiver of work product protection only results if the work product is disclosed to an adversary or treated in a manner that substantially increases the likelihood that an adversary will come into possession of that material. *S.E.C. v. Brady*, 238 F.R.D. 429, 444 (N.D. Texas 2006).

According to Crosby, a court cannot order production of opinion work product absent a showing of even higher necessity, which is a rare situation if it exists at all. R. Doc. 291-1, p. 2. This Court notes that in *Conoco Inc. v. Boh Bros. Const. Co.* the Court held that opinion work product becomes subject to disclosure when: (1) mental impressions are at issue in a case and the need for the material is compelling and (2) pursuant to the crime-fraud exception to discovery.

6

*Conoco Inc. v. Boh Bros. Const. Co.*, 191 F.R.D. 107, 118 (W.D. La. 1998). However, this Court notes that this case did not address the issue of inadvertent waiver.

The Court notes that consistent with the finding in *S.E.C. v. Brady,* when Crosby sent the excerpt to her periodontist, she should have known that Blue Cross would later seek her medical files in connection with her ERISA claim. As such, Crosby's voluntary act of handing a page from November 13, 2006, letter to her doctors substantially increased the chances that Blue Cross would get the document. *Compare High Tech Communications, Inc. v. Panasonic Co.*, No. 94-1477, 1995 WL 83614 (E.D. La. Feb. 24, 1995) (finding that plaintiff's counsel did not take any affirmative steps that he should have known would have cost him his right to assert a work product privilege as to the documents in question because the documents were not sent to third parties, but simply used to question third parties) *with Great Am. Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009) (finding that Liberty's act of handing over work product protected opinion to third party increased chances that Great American would be getting the document).

However, while Crosby increased the chances of the page being released, she could not waive the work product doctrine because it belonged to her counsel and not her. Counsel contends that she did not know about the document, was not the lawyer at the time the letter was written, and did not know what the document was at the time that his client offered it during the deposition. As a result, she contends that she could not have waived the work product doctrine.

However, the Court notes that even considering these newly modified facts, the work product doctrine was waived. Plaintiff's counsel does not dispute that she was present during the deposition, that she saw the client offering a file, and despite this fact failed to request the opportunity to review the page and discuss what it belonged to before allowing it to be used during

7

the deposition. The fact that she did not exercise her right to review it before allowing the use in the deposition weighs in favor of waiver.

However, Plaintiff's also suggests that because she agreed with opposing counsel that they each waived the right to assert an objection except as to form, she could not assert the objection of work product during the deposition. This suggestion is not persuasive. If counsel was aware that the page being presented was from a document that constituted work product and failed to preserve the right to assert objections as to either the attorney-client privilege or the work product doctrine, this too would amount to a waiver as to the page. Therefore, to the extent that Crosby seeks reconsideration of the Court's Order finding that counsel waived the work product privilege as to the one page disclosed to her doctors, it is denied.

The remaining issue is whether the waiver as to the one page resulted in a waiver as to all of the pages of the letter. The Court here finds that it does not.

Although not decided by the Fifth Circuit, various district courts have held that a partial disclosure of material protected under the work product doctrine does not result in a subject matter waiver or complete waiver for work product expressly defined in Rule 26(b)(3) as "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *F.T.C. v. U.S. Grant Res., LLC*, No. Civ. A. 04-596, 2004 WL 1444951, at *11 (E.D. La. June 25, 2004); *see Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1222 (4th Cir. 1976) (upholding the district court's conclusion that documents related to previously disclosed material remained protected, holding that forcing disclosure of related material would create "harsh results . . . conceivably causing wholesale production of all work product documents from . . . a lawsuit whenever production of any work product document is considered a waiver"); *see also United States v. Nobles*, 422 U.S. 225, 228 (1975) (holding that

portions of work product protected investigatory report relied on by the agent were unprotected; however, the undisclosed work product remained protected). Therefore, the remaining pages are protected by the work product doctrine.

Blue Cross seemingly attempts to argue that there is a substantial need because the entire letter is critical to the Court's rulings on Crosby's Motion to Enforce the Court's Order of November 13, 2012 (R. Doc. 279) and Motion for Attorney Fees (R. Doc. 280). However, the Court is not persuaded by its suggestion as both motions were denied. R. Doc. 296, 297. Considering the foregoing case law and finding that BCBS failed to present evidence of a showing of substantial need or undue hardship, BCBS is not entitled to the entire letter of November 13, 2006.

D.  **Conclusion**

Accordingly,

**IT IS ORDERED** that **Plaintiff's Re-Filed Motion to Reconsider Magistrate Judge Roby's November 7, 2012, Order (R. Doc. 291)** is **GRANTED IN PART and DENIED IN PART.**

**IT IS DENIED** to the extent Plaintiff seeks reconsideration of the Court's Order finding that the use of the one page of the November 2006 letter constituted a waiver as to the page. Therefore, the November 7, 2012 order finding waiver of the work product doctrine as to the page used during the deposition is **AFFIRMED**.

**IT IS GRANTED** to the extent Plaintiff seeks reconsideration of the Court's Order that found complete waiver as to the remaining pages of the letter. Therefore, the order of November 7, 2012, which required the release of all pages of the November 2006 letter is **REVERSED** and

9

the **Motion to Strike and for Protective Order (Rec. Doc. 209)** is **GRANTED** to all of the pages except the page used during the deposition of Crosby's treating periodontist.

New Orleans, Louisiana, this 7<u>th</u> day of February 2018.

                                                **KAREN WELLS ROBY**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**